UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANTHONY MORGAN,

                          Plaintiff,

    -against-

THE CITY OF NEW YORK, et al.,

                        Defendants.

------------------------------------------------------------x

1:12-cv-00282 (ALC) (RLE)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Anthony Morgan ("Plaintiff") has sued the City of New York and unidentified corrections officers (collectively, "Defendants") for negligence and violation of his Eighth Amendment rights. Specifically, Plaintiff alleges that on October 18, 2010, when he was incarcerated at the Vernon C. Bain Center on Rikers Island ("VCBC"), he was attacked by an unidentified inmate, while correction officers were away from their posts. Defendant City of New York has moved to dismiss the Amended Complaint for failure to state a claim. (ECF No. 34). For the reasons set forth below, the City's Motion to Dismiss the Amended Complaint (ECF No. 34) is GRANTED.

**I.    Procedural History**

Plaintiff, who is represented by counsel, first filed a Complaint in this case on January 13, 2012. (ECF No. 1). After a motion to dismiss was fully briefed, Plaintiff sought, and the Court granted, an opportunity to amend the complaint. (ECF No. 29). Plaintiff filed his Amended Complaint on July 12, 2013. (ECF No. 30). Thereafter, Defendant renewed its motion to

1

dismiss. (ECF No. 34).

## II. Factual Background

On October 18, 2010, Plaintiff was an inmate at the VCBC. (Am. Compl. ¶ 18, ECF No. 30). At approximately 12:00 p.m. that afternoon, Plaintiff was working in the pantry there. (Am. Compl. ¶ 19, ECF No. 30). Plaintiff alleges that, while the inmates waited in line for lunch, corrections officers left their posts "to socialize." (Am. Compl. ¶ 21, ECF No. 30). It was at that time, Plaintiff says, that an unidentified, unsupervised inmate entered the pantry and assaulted him. (Am. Compl. ¶ 22, ECF No. 30). Plaintiff, who was severely injured in the attack, was hospitalized and underwent surgery for his injuries. (Am. Compl. ¶¶ 23-24, ECF No. 30). Finally, Plaintiff alleges that "Corrections Officers knew that VCBC was violent and dangerous." (Am. Compl. ¶ 25, ECF No. 30).

## III. Discussion

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if a plaintiff fails "to state a claim upon which relief can be granted." When deciding a motion to dismiss, the court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in a plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). But the court need not accept a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint is viable and should not be dismissed if a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. If the plaintiff has "not nudged [his] claim across the line from conceivable to plausible, [his] complaint must be dismissed." Twombly, 550 U.S. at 570.

### B. Negligence

A defendant is held liable in negligence only for breach of a duty of care owed to the plaintiff. Sanchez v. State, 784 N.E.2d 675, 678 (N.Y. 2002). When the State assumes physical custody of inmates, the State owes a duty of care to protect those inmates because they "cannot protect and defend themselves in the same way as those at liberty can." Id. That duty extends to attacks from other inmates. Id. However, "the scope of the [municipality's] duty to protect inmates is limited to risks of harm that are reasonably foreseeable." Id. at 253. "The mere occurrence of an inmate assault, without credible evidence that the assault was reasonably foreseeable, cannot establish [a defendant's] negligence." Elnandes v. State, 785 N.Y.S.2d 128, 129 (App. Div. 2004) (citation omitted). To analyze foreseeability, the court evaluates whether the inmate claimant alleges and proves one of the following grounds: "(1) the victim was a known risk and the State failed to provide reasonable protection; (2) the State had notice that the assailant was dangerous and refused to take proper precautions; or (3) the State had ample notice and the latitude to mediate and failed to act." LaCourt v. State, No. 96339, 2002 WL 31415413, at *2 (N.Y. Ct. Cl. July 25, 2002) (citations omitted).

Plaintiff has not established foreseeability in his amended complaint. First, Plaintiff has not alleged any facts to suggest that he was a known risk, much less that the State was aware that he was at risk and needed protection. (Am. Compl. ¶¶ 18-25, ECF No. 30). Second, the scarce facts Plaintiff has pleaded suggest that he did not know his attacker. (Am. Compl. ¶ 22, ECF

3

No. 30). Consequently he was failed to allege facts sufficient to demonstrate that the State was on notice of an impending attack by the assailant and neglected to enact precautions to protect the Plaintiff. Third, Plaintiff has alleged no facts to show that the State had ample notice and the ability to prevent the attack but nevertheless failed to act. Based on allegations in the Amended Complaint, it appears that the attack against the Plaintiff was spontaneous and that neither the State nor the Plaintiff had any knowledge of, or indeed could foresee, an impending attack. (Am. Compl. ¶¶18-25, ECF No. 30). Therefore, Plaintiff has not adequately alleged facts supporting his claim of negligence.

### C. § 1983 Claim

"To state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987) (citations omitted). "[A] § 1983 claim can arise from a 'failure to protect' a prisoner from injury at the hands of a fellow inmate." Jaipersaud v. A.R.D.C. Bldg. # C-74, 95-CV-5330 (JG), 1996 WL 1086521, at *2 (E.D.N.Y. June 19, 1996) (citation omitted). However, not "every injury suffered by one prisoner at the hand of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Dismissal of a § 1983 claim is warranted where a Plaintiff "does no more than allege that [defendant] was in charge of the prison." Ellis v. Guarino, 03 Civ. 6562 (DAB) (AJP), 2004 WL 1879834, at *9 (S.D.N.Y. Aug. 24, 2004) (citation omitted) (internal quotation marks omitted). A plaintiff must not only allege that a serious injury was sustained, but that it was the result of "deliberate indifference" on the

4

part of the prison officials.   Farmer, 511 U.S. at 835; see also Magee v. Earl, No. 91 Civ. 8180 (RPP), 1994 WL 693878, at *2 (S.D.N.Y. Dec. 9, 1994) (citations omitted).   Allegations of "mere negligence will not suffice."   Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996).

The deliberate indifference standard "embodies both an objective and a subjective prong."   Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).   Objectively, the deprivation must be "sufficiently serious," meaning the prison conditions posed "a substantial risk of serious harm."   Farmer, 511 U.S. at 834 (citations omitted).   Subjectively, the prison official must act with a "sufficiently culpable state of mind."   Id. (citations omitted).   Such culpability exists when an official "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm."   Hayes, 84 F.3d at 620 (citations omitted).

In this case, it is unnecessary to decide whether Plaintiff has satisfied the objective prong of Farmer because he has failed to satisfy the subjective prong.   See Lee v. Artuz, No. 96 Civ. 8604, 2000 WL 231083, at *5 (S.D.N.Y. Feb. 29, 2000).   For a plaintiff to state a claim for deliberate indifference under a failure to protect theory, he must allege that corrections officers knew of and disregarded a particular risk to his safety.   Zimmerman v. Macomber, No. 95 Civ. 0882, 2001 946383, at *5 (S.D.N.Y. Aug. 21, 2001).   "Courts routinely deny deliberate indifference claims based upon surprise attacks."   Id.   A plaintiff must allege that the defendants knew of a prior altercation between the plaintiff and his attacker, or of threats that had been made against the plaintiff.   Fernandez v. N.Y.C. Dep't of Corr., No. 08 Civ. 4294, 2010 WL 1222017, at *4 (S.D.N.Y. Mar. 29, 2010).

5

Here, Plaintiff's Amended Complaint does not allege that any threats had been made against Plaintiff or that Plaintiff had been involved in any prior altercations, let alone that Defendants knew of such threats or altercations. (Am. Compl. ¶¶ 18-25, ECF No. 30). Moreover, given that Plaintiff's pleadings suggest the attack was a surprise, it is implausible to infer that the Defendants had any particular knowledge of the risk Plaintiff faced. (Am. Compl. ¶ 22, ECF No. 30) ("[D]uring the period of time when the officers were gone, an inmate who was not being watched, was able to leave the food line, enter the pantry and assault the plaintiff causing him severe injuries.") Because Plaintiff has alleged no facts that any of the Defendants knew of a particular risk to Plaintiff's safety, Plaintiff has failed to state a claim that Defendants were deliberately indifferent in preventing a surprise attack.

### D. Municipal Liability

A municipality may be liable under § 1983 if the deprivation of a constitutional right is caused by a governmental custom, policy, or usage of the municipality. Monell v. Dep't of Social Svcs., 436 U.S. 658, 690 (1978). "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Wray v. City of N.Y., 490 F.3d 189, 195 (2d Cir. 2007) (quoting Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983)) (internal quotations marks omitted).

Defendant argues that Plaintiff's claim for municipal liability should be dismissed because the Amended Complaint does not identify particular City policies or practices that have resulted in Plaintiff's alleged injuries. (Mem. Supp. Mot. Dismiss 11, ECF No. 13). The Court

6

agrees. Plaintiff makes no factual allegations whatsoever regarding City policies and how they related to his assault. (Am. Compl. ¶¶ 18-25, ECF No. 30). Plaintiff has not shown that the isolated incident was attributable to a municipal policy. Therefore, Plaintiff has pleaded insufficient facts to establish a Monell claim.

**IV.    Conclusion**

For the foregoing reasons, Defendant New York City's Motion to Dismiss is GRANTED (ECF No. 34). The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated: August 12, 2014
       New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge